UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PHILLIP DUCKETT,            )<br>                             )<br>         Plaintiff,         )<br>                             )<br>    v.                       )<br>                             )<br> DISTRICT OF COLUMBIA, et al.,)<br>                             )<br>         Defendants.         )<br>_____) | Civil Action No. 04-0460 (PLF)<br><br>**FILED**<br><br>JUL 2 9 2005<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss.[1] Having considered defendants' motion, plaintiff's opposition, and the entire record of this case, the Court will grant the motion for plaintiff's failure to exhaust available administrative remedies prior to filing the instant civil action.

---

[1]    Also before the Court is plaintiff's Motion to Amend Pursuant to Rule 15(b), Federal Rules of Civil Procedure [Dkt. #25]. The motion will be denied.

Plaintiff seeks leave to amend the complaint "due to the Defendants's [sic] Dr. Bowles, belated motion for leave to join all Defendants, in their dispositive motion to dismiss the complaint." Pl.'s Mot. at 4. He "requests permission to amend his complaint to conform to the evidence and to present appropriate statutes and applications of the ruling laws." Id. Plaintiff is under the impression that Rule 19 of the Federal Rules of Civil Procedure applies, and that Dr. Bowles did not comply with it. Plaintiff misapprehends the meaning of Dr. Bowles' motion. Dr. Bowles incorporates and adopts the other defendants' arguments. He need not be joined as a party pursuant to Rule 19 because plaintiff named Dr. Bowles as a defendant to this action. Furthermore, plaintiff's motion is procedurally deficient because he failed to attach an original of the proposed amended pleading. See LCvR 15.1.

1



## I. BACKGROUND[2]

Plaintiff is a District of Columbia prisoner who, at all times relevant to the complaint, was incarcerated at the Correctional Treatment Facility ("CTF") in Washington, DC.[3] Generally, he contends that defendants' failure to prevent overcrowding and its effects, to classify prisoners based upon their medical conditions, to provide adequate dental care, to serve nutritious food, and to provide a meaningful process for resolving inmate grievances violates rights protected by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. *See* Complaint ("Compl.") at 1, 6.[4] He brings this action against the District of Columbia, the former Director of the District's Department of Corrections, the Warden of CTF, and Dr. Bowles, a dentist at the facility. *See id.* at 1-4.

## II. DISCUSSION

Defendants move to dismiss the complaint on three grounds: (1) that plaintiff is not entitled to proceed *in forma pauperis*; (2) that plaintiff failed to exhaust his administrative remedies before filing the instant civil action; and (3) that plaintiff fails to state constitutional

---

[2] Two plaintiffs, Phillip Eric Duckett and Terry Canady, filed the original complaint. Because Mr. Canady neither submitted an application to proceed *in forma pauperis* nor paid the filing fee, he was terminated as a party to this action. *See* Dkt. #10.

[3] Currently plaintiff is incarcerated at the Federal Correctional Institution in Fairton, New Jersey.

[4] Plaintiff submitted the original Complaint on a five-page preprinted form to which he attached a 22-page handwritten Complaint, an 8-page Affidavit, and 8 Exhibits (A-H). References to the Complaint in this Memorandum Opinion are references to the 22-page handwritten attachment.

2

claims upon which relief can be granted.

### A. "Three Strikes"

Defendant moves to dismiss the complaint on the ground that plaintiff has accumulated "three strikes" under 28 U.S.C. § 1915(g), such that he is ineligible to proceed *in forma pauperis*. Section 1915(g) bars a prisoner from proceeding *in forma pauperis* if he, on three or more occasions while incarcerated, brings "an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Defendants demonstrate that two of plaintiff's cases in this district have been dismissed for failure to state a claim upon which relief can be granted. *See* Def.'s Mot., Ex. C-D. Although defendants submit final orders in two other cases, the orders do not indicate the bases for the dismissals. *See id.*, Ex. B, E. Absent a showing that the actions were dismissed as frivolous, malicious, or for failing to state a claim, defendants' motion on this ground must be denied.

### B. Exhaustion

In relevant part, the Prison Litigation Reform Act provides that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement of Section 1997e(a) is mandatory, and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v.*

*Nussle*, 534 U.S. 516, 520 (2002). A prisoner must complete the administrative process, "regardless of the relief offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 (2001). Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies. *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).

Inmates at CTF have available a four-step Inmate Grievance Procedure. *See* Compl., Ex. G (Excerpt from Inmate Handbook). An inmate first must submit a grievance within seven days of the alleged incident. *Id.* at 17. The Unit Manager (or his designee) must investigate the claim and provide a written response within 15 days of receipt of the grievance, unless he gives the inmate proper notice of the need to extend the response time for an additional 30 days. *Id.* An inmate may appeal the Unit Manager's response to the Warden within 5 days of the Unit Manager's response. *Id.* at 18. The Warden must respond in writing within 15 days. *Id.* If the inmate is not satisfied with the Warden's response, he may appeal to the Department of Corrections through the Contract Monitor. *Id.* The final step allows for an appeal to the Director of the Department of Corrections within 5 days of receipt of the Contract Monitor's decision. *Id.*

Plaintiff has submitted five grievances:[5]

1. Grievance No. 3873

On August 24, 2003, plaintiff submitted a grievance regarding his need for dentures and his inability to eat without them. Compl., Ex. E (Grievance No. 3873). The Unit Manager's designee responded on September 4, 2003, noting that the CTF dentist, Dr. Bowles,

---

[5] Among plaintiff's exhibits is a sixth grievance filed by Terry Canady. Because Mr. Canady no longer is a party to this action, the Court will not address the grievance further.

4

evaluated plaintiff on August 5, 2003. *Id.*[6] Plaintiff noted an appeal of the decision, but the form did not indicate that the Warden responded. *Id.*

2. Grievance No. 216

On January 22, 2004, plaintiff submitted a grievance about "his cell being double-up." Compl., Ex. B (Grievance No. 216). In addition, plaintiff complained that, because of overcrowding at the facility, the drug treatment program had been suspended. *Id.* The Unit Manager's designee responded on January 28, 2004. *Id.* Although the form provides a space for the indicate whether plaintiff wished to appeal, the space was blank. *Id.*

3. Grievance No. 240

On January 29, 2004, plaintiff submitted a grievance regarding "inadequate food and lack of nutritioeus [sic] food" at the facility. Compl., Ex. D (Grievance No. 240). The Unit Manager's designee responded on February 10, 2004, noting that a 3000 calorie-count diet, certified by a dietitian and approved by District of Columbia monitors, was provided. *Id.* No appeal was noted on the form. *Id.*

4. Grievance No. 241

On January 29, 2004, plaintiff submitted a grievance with respect to the cold temperature of his cell and his resulting need to sleep in his clothes and coat. Compl., Ex. A

---

[6] Attached to the grievance response was a copy of a note from Dr. Bowles, which stated:

> [Plaintiff] was examined on 8/5/03. He has a partial lower denture but no upper denture. He has advanced periodontal disease with bone loss and mobile teeth. This problem must be treated first before he can qualify for impressions for dentures.

Defs.' Mot., Ex. A.

5

(Grievance No. 241). The Unit Manager's designee deemed the grievance unfounded, when a temperature reading of the cell on February 2, 2004 was 84 degrees. *Id.* No appeal was noted on the form. *Id.*

5. Grievance No. 242

On January 29, 2004, plaintiff submitted a grievance regarding "deficiencies in Administrative Response Procedures." Compl., Ex. F (Grievance No. 242). He further complained that the Warden failed to respond to Grievance No. 3873. *Id.* The Unit Manager's designee responded on January 30, 2004, noting that plaintiff's appeal had been forwarded "to the DOC Contract Monitor as it was a medical issue." *Id.* No appeal was noted on the form. *Id.*

Plaintiff certainly is capable of asserting his rights, whether in the form of inmate grievances or civil actions in federal court. Even if plaintiff believes that pursuing the grievance procedures is futile, he is not relieved of his obligation to follow through with those procedures. *See Booth v. Churner*, 532 U.S. at 741 n. 6 (finding that the Court will not "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"); *Jeanes v. United States Dep't of Justice*, 231 F.Supp.2d 48, 50 (D.D.C. 2002) ("The plaintiff's belief that availing himself of those grievance procedures is futile is not a sufficient reason for bypassing portions of the administrative remedy process."). He does not show that he followed established inmate grievance procedures in seeking redress for alleged violations of law or regulation prior to bringing this action. Absent such a showing, plaintiff's complaint must be dismissed. *Jackson v. District of Columbia*, 254 F.3d at 269 (noting language of Sec. 1997e(a) that no action shall be *brought*, not that no action shall be *tried*, until available administrative remedies are exhausted); *see Eldridge v. District of Columbia*, No. 02-7059, 2002 WL 31898173

*1 (D.C. Cir. Dec. 23, 2002) (per curiam) (upholding dismissal without prejudice for plaintiff's failure to allege or show he had exhausted District of Columbia's Inmate Grievance Procedure), *cert. dismissed*, 539 U.S. 913 (2003); *Johnson v. District of Columbia Dep't of Corrections, Transp. Unit*, No. 01-7204, 2002 WL 1349532 *1 (D.C. Cir. June 20, 2002) (per curiam) (upholding dismissal without prejudice for failure to exhaust administrative remedies because the appellant had not filed an inmate grievance).

Given the Court's ruling on the exhaustion issue, it need not address the sufficiency of the allegations of the complaint.

## III. CONCLUSION

For the reasons stated herein, this action will be dismissed without prejudice for plaintiff's failure to exhaust all available administrative remedies prior to filing this civil action. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 7/29/05